UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA KNIGHT, Individually and as Executor        **REPORT AND**
of the Estate of Lorraine Benning,                   **RECOMMENDATION**

                           Plaintiff,
v.                                                   13-CV-1217-WMS-JJM

ERIE INSURANCE COMPANY a/k/a
ERIE INSURANCE GROUP,

                           Defendant.
_____

        Before me is plaintiff's motion to reopen this action [25],[1] along with the motion

of her attorney, Brian Ponder, to withdraw and for a stay of proceedings [29], as well as for an

expedited hearing on that motion [30]. Oral argument was held on September 24, 2015 [31]. For

the following reasons, I recommend that the motions be denied.


                                    **BACKGROUND**

        Plaintiff commenced this action on December 24, 2013, seeking to recover

insurance proceeds for a July 6, 2013 fire loss at 1015 Northland Avenue in the City of Buffalo.

Complaint [1]. Defendant ("Erie") alleged several defenses, among which was that plaintiff

"failed to submit to a timely examination under oath, thereby prejudicing Erie's right to a timely

investigation of the insurance claim". Erie's Answer [5], ¶21.

        During a telephonic conference with me on March 24, 2014, plaintiff's attorney

Brian Ponder and Erie's attorney Marco Cercone agreed to discontinue the action with a limited

_____
        [1]        Bracketed references are to CM/ECF docket entries.

right to reopen, but without prejudice to commencement of a new action. By Text Order dated

March 25, 2014 [20], I confirmed the terms of their agreement: "At yesterday's telephonic

chambers conference, the parties agreed that this case may be dismissed, but without prejudice to

plaintiff's right, within 60 days, to seek to reopen the case if her examination under oath is not

scheduled. The parties further agreed that plaintiff reserves her right to commence a new action

following defendant's coverage determination concerning the alleged fire loss."

   In a separate Text Order issued that same day [21], Judge Skretny ordered this

action dismissed as of that date, "without prejudice to plaintiff's right, within 60 days, to seek to

re-open the case if her examination under oath is not scheduled". His Text Order further provided

"that plaintiff reserves her right to commence a new action following defendant's coverage

determination concerning the alleged fire loss".

   Plaintiff's examination under oath was held on May 19, 2014 [28-3]. On May 30,

2014 the parties filed a Stipulation of Dismissal [22] "without prejudice to plaintiff's right to

seek to re-open the case pursuant to Chief Judge Skretny's Order dated March 25, 2014". On

June 25, 2014 Mr. Cercone wrote to Mr. Ponder, stating that "[a]s the premises were jointly

owned by your client and her five siblings, Erie is affording coverage to your client for her one-

sixth interest in the property. Accordingly, Erie is offering $19,433.33 to your client for the

actual cash value of her building claim". [28-4], p. 4 of 5.[2] Mr. Cercone's letter explained in

---

   [2]  "It is well settled that rights under a fire insurance policy are fixed both as to amount and
standing to recover at the time of the fire loss . . . . Thus, there can be no more insurable interest in
property than that which existed at the time of the loss." Travelers Insurance Co. v. Providence
Washington Insurance Group, 142 A.D.2d 968, 968 (4th Dept. 1988), modified on other grounds, 149
A.D.2d 985 (4th Dept. 1989).

detail how Erie arrived at that conclusion. Mr. Ponder confirmed receipt of that letter on July 1, 2014, stating that he would "review it and get back to you soon". [28-5], p. 3 of 4.

On August 1, 2014, Mr. Cercone e-mailed Mr. Ponder, stating: "Yesterday we mailed out a check to you via certified mail for the undisputed portion of the insured's loss. Please do not cash that check as we just learned that it fails to name the mortgagee as well. A stop payment on the check has been issued so it cannot be cashed. Erie . . . is sending me a new check to replace that one and I will forward it to you as soon as I receive it." [28-8], p. 4 of 5. Mr. Ponder responded that same day: "Erie's offer to settle the claim has not been accepted. I will return the check upon receipt. I will be in touch with you soon in response to Erie's claim determination letter and offer. Patricia Knight, the claimant, expressly reserves all rights and remedies, legal and equitable, without prejudice." Id., pp. 2-3 of 5.

On August 4, 2014 ([28-8], p. 2 of 5) Mr. Cercone replied: "The amount of the payment is the undisputed payment of the loss. It is the amount Erie believes it owes to your client and is being issued without prejudice to your client's rights to pursue any additional sums that she believes she is entitled to, subject of course, to the terms and conditions of the insurance policy and relevant New York law. Should you possess any authority contrary to the position taken by Erie, please forward it to me for our review and evaluation".  Mr. Cercone tendered payment to Mr. Ponder by letter dated August 27, 2014. [28-9], p. 2 of 6.

On June 15, 2015 I held a telephonic conference on the record with plaintiff, Mr. Ponder and Mr. Cercone [24].[3] The purpose of that conference was to address plaintiff's undated letter Judge Skretny ([28-10], pp. 2-3 of 7) stating that she had not recently heard from Mr.

---

[3]        Although there is no transcript of this conference, it was digitally recorded.

Ponder, and was unaware that the case had been discontinued until she contacted the court on

May 29, 2015. In response to that letter, Mr. Ponder e-mailed me on June 5, 2015 ([28-10], p. 5

of 7), stating that "[t]he Court intended for the parties to proceed with the claim decision process

with the option to re-open the case if plaintiff was not satisfied with Erie's claim decision. Erie

has made a claim decision and the offer was rejected by Ms. Knight. Now, it is Ms. Knight's

intent to re-open the case to litigate Erie's claim decision. I have previously advised Ms. Knight

of all of the above and I advised Ms. Knight that the case has to be re-opened by filing a motion

with the Court, which has not been filed to date."

At the June 15 conference, Mr. Ponder stated that plaintiff's concerns had been

addressed, and that plaintiff intended to move to reopen this case. We discussed the terms of

Judge Skretny's March 25, 2014 Text Order, and I stated that I could not give legal advice as to

whether plaintiff should move to reopen this action or commence a separate action. Mr. Ponder

then attempted to make an oral motion to reopen this case, and I explained to him that any such

motion would need to be in writing.

On September 10, 2015 Mr. Ponder moved "for an order pursuant to Rule 60(b) of

the Federal Rules of Procedure vacating the dismissal of this action and re-opening this civil

action on the grounds that the parties have failed to come to settlement of the underlying matter

and the issues brought forth in Plaintiff's original complaint against the defendant are ripe for

litigation". [25], p. 1. Erie opposes that motion [28].

On September 21, 2015 Mr. Ponder moved to withdraw as plaintiff's attorney

pursuant to L.R.Civ.P. 83.2(d) and for a two-week stay of proceedings to permit plaintiff to

obtain new counsel, alleging that on September 18, 2015 he terminated his representation of plaintiff pursuant to Rule 1.16 of the New York Rules of Professional Conduct.

## ANALYSIS

### A.    The Motion to Withdraw

Unless plaintiff's motion to reopen is granted, Mr. Ponder's motion to withdraw is moot, as there is no pending action from which to withdraw. Both plaintiff and attorney Larry Kerman, who is now advising her, participated by telephone from Mr. Kerman's office in the oral argument on September 24, 2015, and both expressed their desire for me to decide the motion to reopen without further delay.

Since I am recommending that the motion to reopen be denied, I likewise recommend that Mr. Ponder's motions to withdraw and for a stay of proceedings, as well as his motion for an expedited hearing on that motion, be denied.

### B.    The Motion to Reopen

Although "[t]he decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court", Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012), "there are some situations so extreme that the result is foreordained and it would be an abuse of discretion . . . to grant relief". 11 Wright, Miller, Kane et al., Federal Practice & Procedure §2857; Western Union Telegraph Co. v. Dismang, 106 F.2d 362, 364 (10th Cir. 1939). For several reasons discussed below, this is one of those situations.

In moving to reopen the case, plaintiff relies specifically upon Fed. R. Civ. P. ("Rule") 60(b)(6), which allows relief from an order for "any . . . reason that justifies relief". Plaintiff's Memorandum of Law [25-1], p. 3.[4] "Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that extraordinary circumstances warrant relief." Stevens, 676 F.3d at 67. No such circumstances exist here.

### 1.      Delay in Moving to Reopen

Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be brought within a reasonable time". Therefore, "courts typically require that . . . a party show good cause for the failure to act sooner." Gonzalez v. Gannett Satellite Information Network, Inc., 903 F.Supp. 329, 331 (N.D.N.Y.1995), aff'd, 101 F.3d 109 (2d Cir. 1996).

Here, Mr. Ponder knew of Erie's coverage decision no later than July 1, 2014 (when he confirmed receipt of Mr. Cercone's June 25, 2014 letter), yet he failed to bring this motion until over 14 months later, and offers no explanation for the delay. In and of itself, that failure is fatal to his motion. See Federal Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764,

---

[4]      Although plaintiff also suggests in passing that this court may rely upon its inherent authority in addition to Rule 60(b)(6) (id., p. 2), she offers no support for that argument, and I therefore do not consider it. See Walker v. Colvin, 2015 WL 1497708, *2 (E.D.Cal. 2015) ("courts need not address arguments that are not briefed with specificity"); Lee v. National R.R. Passenger Corp., 2012 WL 253196, *1 (S.D.Miss. 2012) ("courts need not address arguments offered without the support of authority").

767 (8th Cir. 1989) ("Cupples has not explained its failure to bring the motion in the twelve

months . . . [since] the basis for the motion arose . . . . Under these circumstances, we are not

prepared to say that the district curt abused its discretion in finding Cupples' Rule 60(b) motion

was not made within a reasonable time").


        **2.**        **Failure to Demonstrate a Meritorious Claim**

        "A precondition of relief from a judgment is that the movant show that he or she

has a meritorious claim or defense. The moving party must convince the court that vacating the

judgment will not be an empty exercise." Nesmith v. General Motors Corp., 2006 WL 2786840,

*2 (W.D.N.Y. 2006) (Siragusa, J.); 12 Moore's Federal Practice, §60.24[1] (Matthew Bender 3d

ed.). "Mere conclusory statements that a claim . . . is meritorious will not suffice. The moving

party must state enough facts to give a court an opportunity to measure whether the claim . . . has

any potential." Moore's, §60.24[2].

        Mr. Cercone's June 25, 2014 letter [28  4] set forth in great detail the factual and

legal basis for Erie's coverage determination. In his August 4, 2014 e-mail ([28-8], p. 2 of 5), Mr.

Cercone expressly invited Mr. Ponder to tell him why Erie was wrong - yet 13 months later,

plaintiff has yet to offer any contrary legal authority supporting her claim. While I need not (and

do not) finally decide the merits of her position *vis-a-vis* that of Erie, her failure to offer support

for her claim furnishes another independent basis for denying her motion to reopen.

**3.     The Clear Language of Judge Skretny's March 25, 2014 Text Order**

While conceding at oral argument that the clear language of Judge Skretny's Text Order [21] does not give plaintiff the right to reopen this action, Mr. Ponder suggested that it does not foreclose her from asking the court for relief pursuant to Rule 60, not as a matter of right but in the exercise of the court's discretion. Although certainly creative, that argument is unpersuasive: Judge Skretny's Text Order clearly stated that plaintiff could challenge Erie's claim determination in a *new* action, not by reopening this action. *Expressio unius est exclusio alterius* - "to express one thing implies the exclusion of the other, or of the alternative". <u>Black's Law Dictionary</u> (9th ed.).

**4.     Mr. Ponder's Authority to Bind Plaintiff**

In her letter to Judge Skretny ([28-10], pp. 2-3 of 7) plaintiff claimed that she was unaware that Mr. Ponder had agreed to dismiss this action without prejudice. However, whether or not she knew of or authorized the dismissal is irrelevant to this motion, for while "an attorney has no implied authority to settle or compromise or dismiss his client's cause of action with prejudice", <u>Engelhardt v. Bell & Howell Co.</u>, 299 F.2d 480, 483 (8th Cir. 1962), he "does have . . . the power to dismiss without prejudice". <u>Id.</u>, pp. 483-84. "[B]y virtue of such delegation of authority, the client is bound by the actions of his or her attorney." 7A <u>Am. Jur.2d</u>, Attorneys at Law §162. *See also* <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 396 (1993) ("clients must be held accountable for the acts and omissions of their attorneys").

Erie argues that any new action would now be barred by the insurance policy's requirement that all actions be commenced within two years of the date of the fire, which in this case was July 6, 2013. Erie's Memorandum of Law [28], p. 6. That issue is not presently before me, and I do not decide it. However, the possibility that Erie is correct is not in itself a reason to grant plaintiff's motion. *See* Baptiste v. Create Young Adult Center, 2012 WL 3834664, *2 (S.D.N.Y. 2012) ("We deny plaintiff's [rule 60(b)] request aware that our decision will likely preclude plaintiff from pursuing his . . . claims, as they will be barred by the statute of limitations"); 7A Am. Jur.2d, Attorneys at Law §163 ("The authority of an attorney to dismiss an action without prejudice is not affected by the fact that the statute of limitations may run before a new suit is instituted").

## CONCLUSION

For these reasons, I recommend that the pending motions [25, 29, 30] be denied. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by October 15, 2015 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)).

Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).  Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented

to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal</u>

<u>Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

       The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local

Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying

that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

DATED:   September 28, 2015


      /s/ Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge